MARY SEDLAK, PETITIONER-PLAINTIFF, v. BOARD OF COMMISSIONERS OF THE CITY OF BAYONNE, RESPONDENT-DEFENDANT.

Argued August 12, 1947—Decided September 10, 1947.

Before Justice COLIE, sitting alone.

For the petitioner-plaintiff, *Charles E. McCraith, Jr.*

For the respondent-defendant, *Aaron A. Melniker.*

COLIE, J.   This matter is before the court by virtue of a petition filed under the Uniform Declaratory Judgments Law, *R. S.* 2:26–66, *et seq.*

The stipulated facts are that Alfred Sedlak was appointed on February 11th, 1946, and was a permanent member of the Bayonne Fire Department on January 17th, 1947, when he was fatally injured while engaged in the performance of duty.   The deceased left no widow or children surviving. He resided with his mother, the petitioner-plaintiff, who was dependent upon him for support.   On the date of his death, deceased was a member of the Police and Firemen's Retirement System of New Jersey, established by chapter 255, laws of 1944; *R. S.* 43:16A–1, *et seq.*

Petitioner applied for a pension to which she asserted her right by virtue of *R. S.* 43:12–18:

"Pension to widow, parents or children in case of death; amount.

"If a person permanently employed in a fire department in any such city is fatally injured while on duty, either in

the performance or attempted performance of a duty connected with employment in the department or of any extra or special duty upon which he is detailed, the municipal board shall allow his widow, or, if there is no widow, his dependent parent or parents, an annual pension equal to one-half of his salary at the time of his death. The pension shall be paid to the widow during her widowhood, or, if there is no widow, to the dependent parent or parents as long as the parent or parents remain dependent, and where the deceased employee is the only support of his parent. If he does not leave a widow or parent but leaves a child or children, the pension shall be applied, under the direction of the mayor of the city, to their support until they have reached sixteen years of age."

The municipality declined to pay the pension requested, asserting that the enactment of chapter 255, laws of 1944; R. S. 43:16A–1, et seq., "abrogated all other statutory provisions relating to pensions in so far as firemen appointed after July 1st, 1944, are concerned." More particularly, the municipality grounds its refusal to pay a pension to the petitioner upon R. S. 43:16A–19, reading:

"No other provision of law in any other statute which provides wholly or partly at the expense of the State of New Jersey or of any county or municipality in the State for pensions or retirement benefits for policemen or firemen or county policemen, their widows, or other dependents, shall apply to members, or beneficiaries of the retirement system established by this act, their widows or other dependents."

Section 1, chapter 255, laws of 1944 as amended and supplemented by chapter 148, laws of 1945 and as appearing in R. S. 43:16A–1 provides that:

"The following words and phrases as used in this act unless a different meaning is plainly required by the context shall have the following meanings: * * *

"(20) 'Beneficiary' shall mean any person receiving a retirement allowance or other benefit as provided by this act."

R. S. 43:16A–1, et seq., will be searched in vain for any expression in the context which would impart to the word "beneficiary" a meaning other than that defined in section

1 (20). The act will also be searched in vain for any provision which provides for a pension to a dependent parent, which is the status of the petitioner herein. It follows necessarily that Mary Sedlak, the mother of the deceased, is not a beneficiary "of the retirement system established by this act," *i. e., R. S.* 43:16A–1, *et seq.,* and consequently *R. S.* 43:16A–19 does not act as a repealer of *R. S.* 43:12–18 so far as her claim for a pension as a dependent parent is concerned.

The judgment of the court is that the petitioner-plaintiff is entitled to a pension under the provisions of *R. S.* 43:12–18. A rule for judgment with costs may be submitted.